RECEIVED
APR 12 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BRENDA MELANCON o/b/o LEBRENDAN WHITE,<br>Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:11-cv-01794 |
| VERSUS | |
| STATE OF LOUISIANA, et al.,<br>Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by pro se plaintiff Brenda Melancon ("Melancon") on behalf of her deceased son, Lebrendan White ("White"), on September 30, 2011, alleging wrongful death and survival actions. The named defendants are the State of Louisiana, Wayne Taylor ("Taylor") (individually and in his official capacity as a Trooper employed by the Louisiana State Police"), Randy Maxwell ("Maxwell") (in his official capacity as the Sheriff of Concordia Parish), Mike Clark ("Clark") (individually and in his official capacity as a deputy employed by the Concordia Parish Sheriff), Adam Kirk ("Kirk") (individually and in his official capacity as a deputy employed by the Concordia Parish Sheriff), and ABC Insurance Companies.

Melancon alleges that, on October 2, 2010, White was involved in a motor vehicle accident and taken into custody at about 5:25 a.m. for driving under the influence and possession of cocaine with

intent to distribute. Melancon further alleges that defendants ignored the signs of trauma arising from the accident, Trooper Taylor arrived at about 6:00 a.m., arrested White, and drove him to the Vidalia Police Department at about 7:30 a.m. Melancon alleges that Trooper Taylor did not take White to a health center until 8:40 a.m., at which time he was unconscious; White subsequently died.

For relief, Melancon asks for a declaratory judgment, injunctive relief, general and specific monetary damages, punitive damages, attorney fees, and costs.

The City of Vidalia and the Vidalia Police Department filed a motion to dismiss (Doc. 9) for failure to state a claim on which relief may be granted and for insufficiency of service and process. That motion has not been opposed. Clark, Kirk, and Maxwell answered the complaint (Doc. 5). The State of Louisiana and Taylor also answered the complaint (Doc. 11).

The court has already noted the Vidalia Police Department was incorrectly named as a defendant in lieu of the City of Vidalia and has been stricken from the case (Doc. 8). The unopposed motion to dismiss filed by the City of Vidalia is now before the court for disposition.

Law and Analysis

Motion to Dismiss

A motion to dismiss an action for failure to state a claim

admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Hirras v. National Railroad Passenger Corp.</u>, 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); <u>Doe</u>, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. <u>Doe v. U.S. Dept. of Justice</u>, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

<u>Standing</u>

The City of Vidalia contends Melancon lacks standing to pursue survival and wrongful death actions on behalf of her son, White, pursuant to Section 1983 because White is survived by five children, McKinley White, Kiviona Bell, Bran-Neisha Jefferson, Kaylyn White, and Nylah Thompson, as listed in White's obituary.

Courts must look to state law rules to determine who has standing to bring a survival action and a wrongful death claim under Section 1983. <u>Bedingfield v. Deen</u>, 2011 WL 3206872, *6 (W.D.La. 2011), citing <u>Aguillard v. McGowen</u>, 207 F.3d 226, 231 (5th Cir. 2000), cert. den., 531 U.S. 877, 121 S.Ct. 184 (2000), and <u>Brazier v. Cherry</u>, 293 F.2d 401, 409 (5th Cir.), cert. den., 368 U.S. 921, 82 S.Ct. 243 (1961). Also, <u>Jacobs v. City of McComb</u>, 983 F.2d 1062, *1 n.2 (5th Cir. 1993). Louisiana Civil Code Articles 2315.1 and 2315.2 list the parties who may pursue survival and wrongful death actions. The first category of parties under both articles is "the surviving spouse and child or children of the deceased, or either the spouse or the child or children." La.C.C. Arts. 2315.1(A)(1) and 2315.2(A)(1). See <u>Bedingfield</u>, 2011 WL 3206872 at *6. Also, <u>Celestine v. State of Louisiana</u>, 1994 WL 150794 (E.D.La. 1994).

Since White is apparently survived by five children (no mention was made of a spouse in the obituary), Melancon does not have standing to pursue these Section 1983 claims. Therefore, the City of Vidalia's motion to dismiss should be granted and Melancon's action should be dismissed for lack of standing.

<u>Insufficiency of Service and Process</u>

The City of Vidalia contends it was not properly served with process because the "Vidalia Police Department" was named in the service papers. As previously stated by the court, the City of

4

Vidalia has been substituted[1] for the Vidalia Police Department (Doc. 8).

The City of Vidalia also contends plaintiff effected insufficient service of process by serving Scott McLemore, an attorney who has represented the City of Vidalia on other occasions. Apparently, Scott McLemore is not the City's agent for service of process. Since Melancon lacks standing to pursue this action, this issue is moot.

Failure to State a Claim

The City of Vidalia also alleges Melancon failed to state a Section 1983 claim against it. However, since Melancon lacks standing to pursue any claims on behalf of White, this issue is moot.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the motion to dismiss filed by the City of Vidalia (Doc. 9) be GRANTED and that Melancon's action be DISMISSED FOR LACK OF STANDING.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

---

[1] The correct remedy for a pro se litigant who improperly names defendants is permissive amendment of the complaint. Allowing amendment of the complaint corresponds with the philosophy of liberal reading of pro se pleadings. Guidry v. Jefferson Cty. Detention Ctr., 868 F.Supp. 189, 191 (E.D.Tex. 1994), and cases cited therein. Also, Dayse v. Schuldt, 894 F.2d 170, 174 (5th Cir. 1990); Gallegos v. State of La. Code of Criminal Procedure Art. 658 Para. A and C(4), 858 F.2d 1091, 1091-92 (5th Cir. 1988); Chancery Clerk of Chickasaw County, Miss. v. Wallace, 646 F.2d 151, 160 (5th Cir. 1981); Wright v. El Paso Cty. Jail, 642 F.2d 134, 136 n.3 (5th Cir. 1981.

5

Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _12th_ day of April, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE