RECEIVED
MAR 26 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BRENDA MELANCON | CIVIL ACTION NO. 11-1794 |
| -vs- | JUDGE DRELL |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a Motion for Summary Judgment filed by three defendants, Randy J. Maxwell, Mike Clark, and Adam Kirk. (Document No. 16). The time limits for responding have run, but no opposition has been submitted. For the following reasons, the motion will be GRANTED.

Plaintiff, Brenda Melancon, filed a Complaint alleging that on October 2, 2010, her son, Lebrendan White, was injured in a motor vehicle accident. Ms. Melancon contends White, who was taken into custody by Movants and a Louisiana State Trooper, was not given proper medical care at the accident scene. She further argues hospital records show White was unconscious and non-responsive when he arrived for treatment approximately three hours after the accident, and he eventually died from his injuries. (Document No. 1).

1

Plaintiff asserts claims under 42 U.S.C. § 1983 as well as for wrongful death and survival under Louisiana law. In the current motion, Defendants argue Ms. Melancon lacks standing, because White had five children who are the proper parties.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

> Since the present motion is unopposed, additional factors are considered.
>
> A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.

Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (internal citations omitted). In this District, Local Rule 56.2 gives added direction when summary judgment is unopposed: "All material facts set forth in the

statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule." Therefore, since there is no opposition to the current motion, all facts in the statement of material facts provided by Movants are deemed admitted for purposes of this Court's decision.

Louisiana Civil Code articles 2315.1 and 2315.2 list the individuals capable of bringing survival and wrongful death actions. The first category of persons under both articles is "[t]he surviving spouse and child or children of the deceased, or either the spouse or the child or children."[1] The surviving mother of the deceased only has standing to institute a survival or wrongful death suit "if [the deceased] left no spouse or child surviving."[2] Federal jurisprudence also provides that a party must have standing under the forum state's wrongful death or survival statutes in order to bring a claim under 42 U.S.C. § 1983. Pluet v. Frasier, 355 F.3d 381, 383 (5th Cir. 2004).

Movants' "Statement of Uncontested Material Facts" explains, "Decedent's obituary indicates that he is survived by five minor children." (Document No. 16-2.)[3] Applying the legal standards above to these facts, we find White's mother, Brenda Melancon, has no standing to pursue the claims she has set forth in her Complaint against Movants. Therefore, the Motion for Summary Judgment will be granted, and

---

[1] La. Civ. Code arts. 2315.1(A)(1) and 2315.2(A)(1).

[2] La. Civ. Code arts. 2315.1(A)(2) and 2315.2(A)(2).

[3] The parties do not contest the accuracy of the information in the obituary.

all Plaintiff's claims against Randy J. Maxwell, Mike Clark, and Adam Kirk, will be dismissed with prejudice.

SIGNED on this 26 day of March, 2013 at Alexandria, Louisiana.

_____
DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT